**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REYNIER ESCALONA RIVERO,<br>Petitioner,<br>v.<br>MESA VERDE ICE PROCESSING CENTER, et al.,<br>Respondents. | Case No. 1:26-cv-04605-JLT-FJS<br>A-Number: 213-171-062<br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br>(Doc. 1.) |

Reynier Escalona Rivero is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Cuba. (Doc. 18-1 at 2.) On July 31, 2019, Petitioner was encountered by U.S. Border Patrol officials near El Paso, Texas, and was taken into immigration custody. (*Id.*) On February 24, 2020, Petitioner was served with a Notice to Appear and was paroled into the United States. (*Id.* at 7.) On June 24, 2024, Petitioner was served with a dismissal of his Notice to Appear, and Petitioner has since failed to apply for any immigration relief or status. (*Id.*) On

October 24, 2025, Petitioner was arrested for multiple traffic offenses including driving with a suspended license and was subsequently transferred into ICE custody. (*Id*. at 8.) Petitioner was later charged as removable pursuant to §§ 212(a)(7)(A)(i)(I) and 212(a)(6)(A)(i) of the Immigration and Nationality Act. (*Id*.) Petitioner is detained at Mesa Verde ICE Processing Center in Bakersfield, California. (Doc. 1 at 1.)

On June 15, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (*See* generally, Doc. 1 at 6.) On July 15, 2026, Respondents move to stay the present case because Petitioner had a habeas case pending in the United States District Court for the Southern District of Florida in *Rivero, Reynier v. Krome North Detention Center*, 1:26-CV-20833-EA (S.D. FL. filed 2/9/2026). (Doc. 6.) The assigned magistrate judge in this case granted the motion to stay and directed Respondents to provide the Court with a status update on whether the court in 1:26-cv-20833-EA (S.D. Fl.) had been made aware of Petitioner's transfer and whether that court intended to retain jurisdiction over Petitioner. (Doc. 7.) On July 22, 2026, Respondents informed the Court that Petitioner voluntarily dismissed his pending habeas case in the S.D. Fla. (1:26-CV-20833-EA) on July 16, 2026, and that he intended to proceed with the current case. (Doc. 8.)

On July 20, 2026, Respondents requested an additional fourteen days to prepare a response to the petition for habeas corpus considering the Ninth Circuit decision issued in *Rodriguez Vasquez v. Bostock*, No. 25-6842–F.4th--, 2026 WL 2196424 (9th Cir. 2026). The magistrate judge granted the request (Doc. 12), and Petitioner's submitted a reply on July 31, 2026, arguing that detention in this case was pursuant to 8 U.S.C. § 1225(b)(2)(A) and that Petitioner is entitled to seek a custody redetermination hearing before an immigraiton judge. (Doc. 13.) On August 20, 2026, Petitioner informed the Court that he timely filed an appeal of his July 20, 2026, removal order and therefore his removal order was not yet administratively final. (Doc. 15.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

(citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also*, *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Moreover, for the reasons articulated in those cases, the Court concludes Petitioner is re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

Due to Petitioner's arrest for traffic-related violations, the Court finds that the appropriate remedy here is a bond hearing where the government bears the burden of proving that Petitioner now poses a danger to the community or flight risk. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above;

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government

must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. **At least 72 hours before** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and she **SHALL** be entitled to appear at the hearing. If her counsel has filed an appearance in the immigration proceedings, **at least 72 hours before** the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

5. The Clerk of Court is directed to serve the Mesa Verde ICE Processing Center in Bakersfield, California, with a copy of this Order.

6. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: September 15, 2026

[signature: Jennifer L. Thurston]
UNITED STATES DISTRICT JUDGE