**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REYNIER ESCALONA RIVERO,<br>Petitioner,<br>v.<br>MESA VERDE ICE PROCESSING CENTER, et al.,<br>Respondents. | Case No. 1:26-cv-04605-JLT-FJS<br><br>ORDER GRANTING PETITIONER'S MOTION TO ENFORCE JUDGEMENT; ORDER DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH A SUBSTANTIVE BOND HEARING WITH PROPER NOTICE<br><br>(Docs. 25, 26, 30) |

Before the Court is Petitioner Reynier Escalona Rivero's Motion to Enforce Judgement. (Docs 25, 30.) Petitioner argues that an immigration judge conducted a bond hearing pursuant to this Court's order at Doc. 21, but that Petitioner did not receive adequate notice of the hearing and thus did not have a meaningful opportunity to be heard at the hearing. (Docs 25, 30.) Respondents oppose the motion. (Doc. 28.) For the reasons set forth below, the Court grants Petitioner's motion.

## I. BACKGROUND

On September 15, 2026, this Court entered judgment on Petitioner Reynier Escalona Rivero's petition for a writ of habeas corpus. (Doc. 21.) The Court ordered Respondents to provide Petitioner with a constitutionally compliant bond hearing at which Respondents are to bear the burden of proof by clear and convincing evidence to show that Petitioner presents a flight

risk or danger to the community by no later than September 29, 2026. (*Id*. at 4.) Moreover, the Court ordered Respondents to provide Petitioner and his attorney of record with at least 72 hours' notice of the scheduled bond hearing. (*Id*.)

On September 28, 2026, that hearing occurred, and the immigration judge denied Petitioner's request for bond. (*See* Doc. 25.) On October 7, 2026, Petitioner filed a motion to enforce judgement, in which he argued, *inter alia*, Respondents violated this Court's order by not providing the requisite 72 hours' notice of the bond hearing. (*Id*. at 1) As a result of not receiving notice, Petitioner argues that he was unable to fully present evidence regarding family ties, community support, financial sponsors, employment history, lack of dangerousness, and his pending appeal before the Board of Immigration Appeals. (*Id*.) Petitioner also asserts that his attorney of record, Richard J. Anaya, did not receive notice of the bond hearing, despite him submitting a Form EOIR-28 (Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court) and a Form EOIR 27 (Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals a month prior to the bond hearing. (*Id*. at 17-22.; *see also* Doc. 30 at 11-12.) Petitioner argues that the absence of counsel materially affected the fairness of the hearing. (Doc. 25 at 1.) Thus, Petitioner asks the Court to order a second bond hearing with sufficient advanced notice to him and his counsel of record and allow Petitioner to meaningfully prepare for the hearing. (*Id*.)

On October 6, 2026, the Court ordered Respondents to provide (1) a complete transcript or audio recording of the hearing before the immigration judge, (2) any other materials related to the immigration judge's written order, and (3) any EOIR documents related to the scheduling and notice provided to Petitioner of the September 28, 2026 bond hearing. (Doc. 24.) On October 9, 2026, Respondents submitted a Digital Audio Recording "DAR" of the Bond Hearing (Doc. 27) and an electronic Notice of Custody Redetermination Hearing in Immigration Court. (Doc. 28-1.) Respondents argue that the notice dated September 17, 2026 was proper, as it was provided to Petitioner eleven days prior to the September 28, 2026 hearing. (Doc. 28 at 1.) Furthermore, Respondents assert that "Respondent has no record of an attorney filing a notice of appearance on Petitioner's behalf for his bond hearing." (*Id*. at 2.)

## II. LEGAL STANDARD

This Court has clear authority to ensure that the Government acts in accordance with its orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). A motion to enforce judgment is the "usual method" for requesting a court interpret its own judgment and compel compliance. *California by & through Becerra v. Dep't of the Interior*, No. 17-cv-5948, 2020 WL 13093994, at *3 (N.D. Cal. July 30, 2020) (citing *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11 (D.D.C. 2004)).

"An elementary and fundamental requirement of due process" is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In determining whether a form of notice satisfies due process, the Court must consider "the practicalities and peculiarities of the case" and balance "the interest of the State" against "the individual interest sought to be protected" by the Clause. *Id*. at 313–14, 70 S.Ct. 652. Due process does not require the government to do the "impossible or impractical." *Id*. at 314, 70 S.Ct. 652. "But when notice is a person's due, process which is a mere gesture is not due process." *Id*. at 315, 70 S.Ct. 652. Accordingly, "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id*.

Due process in immigration proceedings requires notice that is "reasonably calculated to inform [individuals] of the pendency of the proceedings and a meaningful opportunity to appear and to contest the charges." *United States v. Rivera-Valdes*, 157 F.4th 978, 993 (9th Cir. 2025), cert. denied, 146 S. Ct. 2696 (2026). The purpose of the notice requirement is to ensure that the person who is to be heard is "given a meaningful opportunity to present their case." *Mathews v. Eldridge*, 424 U.S. 319, 349 (1976). Additionally, to establish a due process violation in immigration cases, the individual must also establish prejudice, "which means that the outcome of the proceeding may have been affected by the alleged violation." *Jacques v. Blanche*, No. 23-3015, 2026 WL 2543391, at *4 (9th Cir. Aug. 28, 2026).

## III. ANALYSIS

Petitioner asserts he was not provided notice of the bond hearing before the hearing occurred, and disputes Respondents' assertions. First, Petitioner submitted evidence showing that he did not receive actual notice of the "Notice of Custody Redetermination Hearing in Immigration Court" until October 9, 2026, eleven days *after* Petitioner's bond hearing. (Doc. 29 at 4-6.) Additionally, Petitioner submitted a letter from his attorney Mr. Anaya as well as evidence that Mr. Anaya filed a notice of appearance to represent Petitioner in bond proceedings in August 2026. (Doc. 25 at 17-22.; *see also* Doc. 30 at 11-12.) Thus, the Court assumes for the purposes of this order that Petitioner did not receive notice of the bond hearing. Without notice of the bond hearing, Petitioner was unable to prepare arguments for the hearing, and therefore, Petitioner was not provided "a meaningful opportunity to present [his] case." *See Mathews*, 424 U.S. at 349.

Having found inadequate notice, Petitioner must also establish prejudice. Due to a recording error, Petitioner's presentation of evidence at the September 18, 2026 bond hearing was not captured, thus prohibiting the Court from assessing whether Petitioner was provided an opportunity to present evidence on his behalf. (Doc. 28 at 1; *see* DAR.) Petitioner argues that he was unable to fully present evidence regarding family ties, community support, financial sponsors, employment history, lack of dangerousness, and his pending appeal before the Board of Immigration Appeals. (Doc. 25 at 1.) Petitioner's risks of dangerousness and flight were the issues considered at the bond hearing. (*See* DAR.) Because the immigration judge denied Petitioner's request for bond after Petitioner was unable to prepare for the hearing due to lack of notice, "the outcome of the proceeding may have been affected by the alleged violation." *See Jacques*, 2026 WL 2543391, at *4. Therefore, Petitioner was prejudiced by the lack of notice.

Due to the lack of clarity in the record before the Court concerning what happened during Petitioner's presentation of evidence, Respondents do not object to the Court ordering a second bond hearing. (Doc. 28 at 2.) As such, the Court finds the appropriate remedy in this case is to order Respondents to provide Petitioner with a new bond hearing with adequate notice. For the foregoing reasons, the Court **ORDERS:**

1. Petitioner's motion to enforce the Court's prior order (Doc. 20) is **GRANTED**.

2. Within **<u>14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id*. at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. **<u>At least 72 hours before</u>** the scheduled hearing, Respondents **SHALL** provide Petitioner with written notice of the bond hearing. Such written notice **SHALL** be personally delivered to Petitioner absent exigent circumstances. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded. **<u>At the bond hearing, the immigration judge SHALL make a factual finding on the record as to whether Petitioner received proper notice pursuant to this Court's order.</u>**

5. Respondent **SHALL** file a notice of compliance with this Court's Order and, if a bond hearing was held, identify the outcome of the hearing.

///

///

///

6. The Clerk of Court is directed to serve the Mesa Verde ICE Processing Center in Bakersfield, California, with a copy of this Order.

IT IS SO ORDERED.

Dated: _November 18, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE